UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**CV-05 5549**

CONSUMERS WAREHOUSE CENTER, INC.,

        Plaintiff,

-against-

INTERCOUNTY APPLIANCE CORPORATION and NECO ALLIANCE, LLC,

        Defendants.

File No. _____ CIV. _____

**COMPLAINT**

**TRIAL BY JURY DEMANDED**

FILED IN CLERK'S OFFICE U.S. DISTRICT COURT E.D.N.Y.
★ NOV 29 2005 ★
LONG ISLAND OFFICE

GLEESON, J.
ORENSTEIN, M.

Plaintiff, Consumers Warehouse Center, Inc. ("Consumers"), by its attorneys, Salamon, Gruber, Newman & Blaymore, P.C., respectfully alleges:

## THE ACTION

1. This is an action for damages and injunctive relief to restrain anti-competitive conduct by defendants in violation of The Securities Anti-Trust Act, §1 and the Donnelly Act (New York General Business Law §340).

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this matter pursuant to the Sherman Anti-Trust Act §4 (15 U.S.C. §4 and 28 U.S.C. §§1331 and 1337).

3. Venue is proper in this District pursuant to the Clayton Act §12 (15 U.S.C. §22) and 28 U.S.C. § 1391 as the judicial district in which the events giving rise to the claim occurred.

## THE PARTIES

4. Consumers, is and at all times relevant hereto, was a corporation organized and existing under the laws of the State of New York.

5. Consumers is engaged in the business of the retail sale of kitchen and bath furnishings, including appliances such as refrigerators, freezers, ovens and dishwashers which are classified as "high-end" brands, such as, Viking, SubZero, Wolf, Thermador, and Bosch in that they are more expensively priced as compared to the more popular "mid-level" brands, such as, General Electric, Whirlpool, Maytag and Frigidaire appliances.

6. Defendant, Intercounty Appliance Corporation ("Intercounty"), is and was at all of the times relevant hereto, a corporation organized and existing pursuant to the laws of the State of New York.

7. Upon information and belief, Intercounty is comprised of a group of stockholders or "members" all of whom are primarily engaged in the business of the sale of mid-level appliances to the Long Island, New York market. Intercounty serves as a buying group or a cooperative on behalf of its members for the purposes of affording to them the advantages inherent in a cooperative as a large volume purchaser, including a lower purchase price of the appliance, maintenance of a warehouse facility, effective access and control of dealer approval to all major brands, such as, General Electric, Whirlpool, Maytag, Frigidaire and other competitive advantages.

8. Defendant Neco Alliance, LLC ("Neco") is and was at all of the times relevant hereto, a limited liability company, organized and existing pursuant to the laws of the State of Delaware.

9. Upon information and belief, Neco is comprised of a group of members, each of whom is engaged in the business of the sale of mid-level appliances in areas located in the northeastern part of the United States.

10. Upon information and belief, Neco will only admit an individual dealer to membership if that dealer is admitted to membership in a local buying group or cooperative.

11. In practice and effect, Neco is an aggregate of individual buying groups or cooperatives, approximately five (5) in number located in northeastern United States.

12. Upon information and belief, the level of discount available to group members is determined by the buying power of all of the buying groups above-described.

13. Accordingly, when Consumers applied for membership in Intercounty it also applied for membership in Neco.

14. The ability of members of the various subsidiary buying groups and of members of Neco, to buy mid-level appliances at discounted prices thereby gives the members and the buying group substantial market power within the market within which it customarily deals.

15. Intercounty has substantial market power in the market area defined as Long Island, comprised of the Counties of Nassau and Suffolk in the State of New York.

16. Upon information and belief, in connection with the acts hereinafter described, Intercounty acted on its own behalf and as agent for Neco, and the act of Intercounty also constitutes the act of Neco.

## COUNT I

### THE ANTI-COMPETITIVE BUSINESS ACTIVITIES OF INTERCOUNTY AND ITS MEMBERS

17. Consumers repeats and realleges each and every allegation contained in paragraphs "1" through "16" hereof with the same force and effect as if though more fully set forth at length hereat.

18. Because it is comprised of a number of appliance dealers who trade at retail in the mid-level Long Island appliance market, and because of its affiliation with Neco, Intercounty enjoys significant volume discounts from appliance manufacturers and the acceptance by major

manufacturers of the rights to purchase the necessary lines of products to compete in the Long Island appliance market. Intercounty makes available, on a not-for-profit basis, the appliances purchased at significant discount as aforesaid, to members of the Intercounty or any other group affiliated with Neco at a price which reflects the discount afforded by the manufacturer. The group members are thereby enabled to sell mid-level appliances at retail at significantly lower prices than any dealer who is not a member of Intercounty or another group, thereby effecting a restraint of trade in that one not a member must pay appliance manufacturers a higher price than afforded to such group members, and by not being a member, cannot enjoy the advantage of warehousing inventory and the ability to rapidly make delivery to the retail customers, thereby barring non-members of the group from the mid-level appliance market in the market area in which they primarily sell.

19. As a result of this cooperative arrangement, the members of Intercounty and Neco are able to achieve the economies of scale in purchasing and warehousing that would otherwise be unavailable to them and which are not available to non-members of the group.

20. By reason of its buying power, Intercounty and the members of Intercounty and of Neco possess exclusive access to elements, such as, acceptance by major manufacturers of the rights to purchase the necessary lines of products to compete in the Long Island appliance market which are essential to the effective competition in the Long Island mid-level appliance market.

21. Consumers is desirous of entering into the mid-level appliance market in Long Island as this market enjoys the majority of appliance sales, but as a non-member of the buying group is disadvantaged in that it cannot compete with the members of the group who have achieved the competitive advantages above described.

22. Accordingly, on or about August 16, 2005, Consumers duly applied to Intercounty for admission to Neco and Intercounty as a "member" thereof.

23. After a lapse of several months, Consumers was advised by a representative of Intercounty that Consumers' application was brought before the entire membership of Intercounty for approval and that its application for membership was denied, or as specifically advised, was "voted down".

24. Upon denial of Intercounty membership, on or about September 22, 2005 Consumers applied to Neco for such admission to any of their buying groups.

25. After a few weeks of persistent follow up by Consumers, it was advised verbally, by a representative of Neco that membership was denied by all remaining buying groups of Neco. No reason for denial was then given, however, the Neco representative advised that a letter of denial had been sent by mail. Although many months have gone by since it applied for membership in Neco, it has not been advised in writing that its affiliation has been denied, but reasonably concludes that Neco has decided not to approve the application.

26. No reason has ever been advanced to Consumers by or on behalf of Intercounty and of Neco for the rejection of its application and there is no reasonable ground upon which it should be denied membership.

27. As a result of the foregoing, Consumers is barred from the aforesaid market in that Intercounty and its members possess exclusive access to elements essential to effective competition, i.e. effective access to significant volume discounts in price from appliance manufacturers, availability of multiple line of appliance manufacturers and access to a warehousing facility, all of which are exclusively available only to Intercounty and its members.

28. In the aforesaid manner, Intercounty and Neco and its members are engaged in joint activity which constitutes a concerted refusal to deal or a group boycott.

29. The aforesaid anti-competitive concerted refusal to deal with Consumers constitutes a group boycott which restrains competition and has limited the ability of Consumers to compete in the aforesaid market and therefore constitutes a per se violation of Section 1 of the Sherman Anti-Trust Act (15 U.S.C. §1).

## COUNT II

## VIOLATION OF GENERAL BUSINESS LAW §2340 (THE DONNELLY ACT)

30. Consumers repeats and realleges each and every allegation contained in paragraphs "1" through "29" hereof with the same force and effect as if though more fully set forth at length hereat.

31. The members of Intercounty, because of their membership in Intercounty dominate and control the Long Island mid-level appliance market.

32. Such domination and control as hereinbefore described had the purpose and effect of unduly harming competition and unreasonably restraining trade in the aforesaid market which has harmed Consumers and the public at large.

33. As a result of the foregoing, Consumers has been prevented from gaining any market share in the said market.

34. Said harm constitutes anti-trust injury.

35. Intercounty's conduct individually and as agent for Neco constitutes unfair and unlawful business acts or practices under New York General Business Law §340.

36. These acts are likely to continue and therefore constitute a continuing threat to lawful

and fair competition.

37. Consumers and the public at large will continue to sustain damages and suffer harm from which there is no adequate remedy at law unless Intercounty and its members are permanently enjoined from refusing to admit Consumers as a member of Intercounty.

**WHEREFORE**, plaintiff, Consumers Warehouse Center, Inc., demands judgment against defendant, Intercounty Appliance Corporation and defendant Neco Alliance, LLC, as follows:

(a) On Count I based upon violation of the Sherman Anti-Trust Act §1 awarding to plaintiff treble the amount of actual damages it sustained together with lawful accrued interest thereon, costs and attorney's fees pursuant to §4 of the Clayton Act, 15 U.S.C. §15(a);

(b) On Count II based upon violation of the Donnelly Act, New York General Business Law §340, compensatory damages in the minimum amount of $40,000,000.00 with lawful interest accrued thereon and costs;

(c) That the Court adjudge and decree that Intercounty and Neco have unlawfully restrained trade in the Long Island mid-level appliance market in violation of the Sherman Anti-Trust Action §1;

(d) That the Court also adjudge and decree that Intercounty and Neco and all members thereof and all persons acting on their behalf or under their direction or control and all successors thereto, be preliminarily and permanently enjoined from (i) refusing to admit Consumers to membership as a stockholder thereof and a member enjoying all of the benefits available to members; (ii) that Intercounty and Neco and all members thereof and all persons acting on their behalf or under their direction or control and all successors thereof be preliminarily and permanently ordered to admit Consumers to membership and stock ownership with full benefits available to

members; (iii) that Intercounty and Neco and all members thererof and all persons acting on their behalf or under their direction or control and all successors thereof be preliminarily enjoined from threatening to refuse to deal with Consumers and from actually refusing to deal with Consumers after the institution of this action;

(e) That the Court enter such other preliminary and permanent relief as is necessary and appropriate to restore competitive conditions in the market affected by Intercounty's unlawful conduct;

(f) For such other and further relief as to this Court may seem just and proper.

Dated: Roslyn Heights, New York
November 29, 2005

SALAMON, GRUBER, NEWMAN
& BLAYMORE, P.C.

By: _____
Michael D. Blaymore (5608)
Attorneys for Plaintiff
97 Powerhouse Road - Suite 102
Roslyn Heights, New York 11577
(516) 625-1700

(tv)G:\Terry\Complaints\Consumers v. Intercounty-Complaint 11-23-05Rev31.doc)